# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6969 | **DATE** | 1/29/2008 |
| **CASE TITLE** | Shaun Brame (#2007-0037972) v. Officer Rodriguez | | |

**DOCKET ENTRY TEXT:**

Plaintiff Shaun Brame's motion for leave to file his complaint *in forma pauperis* [3], is granted. The Court waives payment of the initial partial filing fee, but authorizes and directs the Cook County Jail trust fund account officer to make deductions from plaintiff's jail trust fund account in accordance with this order until the entire $350 filing fee is paid. The clerk shall send a copy of this order to the trust fund account officer at Cook County Jail. Plaintiff may proceed with his claim against defendant Officer Rodriguez. The clerk shall issue summons for this defendant, and the United States Marshals Service is appointed to serve Officer Rodriguez. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. The clerk shall send to plaintiff Instructions for Submitting Documents, along with a copy of this order.

*[signature: Suzanne B. Conlon]*
Docketing to mail notices.

■ [For further details see text below.]

## STATEMENT

Plaintiff, Shaun Brame (#2007-0037972), currently in custody at Cook County Jail, has filed this 42 U.S.C. § 1983 complaint against Cook County Jail Officer Rodriguez. Plaintiff alleges that, on July 28, 2007, in Division 10 of the jail, Officer Rodriguez acted unreasonably when using pepper spray against plaintiff.

The court finds that plaintiff is unable to pay the filing fee and grants his motion to file his complaint *in forma pauperis*. Finding that plaintiff has neither the means nor the assets to pay an initial partial filing fee, the court waives the initial payment. 28 U.S.C. § 1915(b)(4). However, the supervisor of inmate trust accounts at Cook County Jail is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number of this action. The Cook County Jail inmate trust account office shall notify state correctional authorities of any outstanding balance in the event plaintiff is transferred to another state correctional facility.

Preliminary review of plaintiff's complaint reveals that he may proceed with his claim against Cook County Correctional Officer Rodriguez. *See* 28 U.S.C. § 1915A; *Hill v. Shelander*, 992 F.2d 714, 717-18 (7th Cir. 1993).
(CONTINUED)

isk

**STATEMENT (continued)**

The United States Marshals Service is appointed to serve defendant Cook County Jail Correctional Officer Rodriguez. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendant with process. The Marshal is directed to make all reasonable efforts to serve defendant. With respect to any former employees who can no longer be found at the work address provided by plaintiff, Cook County Jail officials shall furnish the Marshal with defendant's last known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The court denies without prejudice plaintiff's motion for the appointment of counsel. Though civil litigants do not have a constitutional or statutory right to counsel, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1). However, plaintiff has not demonstrated that he "has made reasonable efforts to retain counsel and was unsuccessful or that [he] was effectively precluded from making such efforts." *Gil v. Reed*, 381 F.3d at 656. Nor does this case, at this stage of the proceeding, involve complex issues, complex discovery, or an evidentiary hearing. Also, plaintiff's complaint demonstrates his competence, at least at this point, to present his claim adequately. Accordingly, the motion for counsel is denied at this time. *Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007).

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, plaintiff must send an exact copy of any filing to defendant or, if represented by counsel, to counsel for defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

*Suzanne B. Conlon*