**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
<u>EASTERN DIVISION</u>**

| | | |
|---|---|---|
| SHAUN BRAME, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6969 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Susanne B. Conlon |
| OFFICER RODRIGUEZ, et. al., | ) | |
| | ) | |
| Defendants | ) | |

### <u>DEFENDANTS' REPLY IN SUPPORT OF SUMMARY JUDGMENT</u>

NOW COMES Defendants, Thomas Dart, Salvadore Godinez and Chester Plaxico, by their Attorney, Anita Alvarez, Cook County State's Attorney, and through her Assistant, Aaron R. Bond, and submit the following Reply in support of their Motion for Summary Judgment pursuant to Federal Rule 56(c).

Defendants respectfully submit that Plaintiff has mischaracterized the record in his attempt to create a material issue of fact. Plaintiff initially contends that he "properly exhausted all available administrative remedies as required by the Prisoners Litigation Reform Act, as is the administrative remedies were not available to Plaintiff." (Plaintiff's Resp. Br. p. 2, ¶ 3). Specifically, Plaintiff alleges that he did in fact exhaust his administrative remedies for the following reasons: 1) Plaintiff "filed a second grievance," which was processed as a "request" concerning the facts of the above-captioned lawsuit; 2) Plaintiff was informed that an internal affairs division investigation had been opened regarding Plaintiff's allegations "making Plaintiff believe that there was no further need to pursue the matter with an appeal;" and 3) Plaintiff filed a third grievance, which was processed as a "request," concerning the facts of the above-

1

captioned lawsuit after "Plaintiff learned that he should have filed an appeal." (Plaintiff's Resp. Br. p. 2, ¶ 4).

In determining whether the prisoner exhausted his administrative remedies, the Seventh Circuit has held that a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed. *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). Furthermore, the Seventh Circuit has taken a strict compliance approach to exhaustion. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). For a prisoner to exhaust his remedies within the meaning of § 1997e (a) he must file complaints and appeals in the place, and at the time that the prison's administrative rules require. *Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005); citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If he fails to do so, the prison administrative authority can refuse to hear the case and the prisoner's claim(s) can be indefinitely unexhausted. *Dole*, 438 F.3d at 809. The strict compliance approach adopted by the Seventh Circuit was confirmed by the Supreme Court decision of *Woodford v. Ngo*, 126 S. Ct. 2382, 2387-88 (2006).

Here, CCDOC General Order 14.5 governs the administrative grievance for pretrial detainees. (Def. Exh. 4, Affdvt. of John Mueller, p.1 ¶ 1). Said General Order is very specific in laying out what must be done for a pre-trial detainee to properly appeal a grievance decision. (Exh. 3, Affdvt of Peter Kramer, attached General Order 14.5, p. 3, ¶ C). In the instant case, the guidelines of General Order 14.5 were not followed by Plaintiff. Rather, Plaintiff never appealed his grievance and has readily admitted as much. (Def. Eh. 4, Affdvt. of John Mueller, p. 2 ¶s 4-5); Def. Exh. 2, Plaintiff's Dep. exh. 2; Def. Exh. 2, Plaintiff's Dep. p. 44 line 3 – p. 45 line 9).

Moreover, by Plaintiff's own admission, Plaintiff "learned that he should have filed an appeal," and he therefore filed a third grievance, which was processed as a request, concerning

the facts of the above-lawsuit. (Plaintiff's Resp. Br. p. 2, ¶ 4). Here, there is no dispute that Plaintiff understood how the grievance process worked and also knew how to appeal a grievance. The record shows that on September 12, 2007, Plaintiff received the response to his initial grievance regarding the facts of this lawsuit. (Def. Exh. 2, Plaintiff Dep. p. 44, line 3 – p. 45 line 4; Def. Exh. 2, Plaintiff Dep. exh. 2). The record also reveals that one day prior, on September 11, 2007, Plaintiff *appealed* the results a grievance that he had filed regarding events unrelated to the above-captioned lawsuit. (Def. Exh. 2, Plaintiff Dep. p. 46 lines 6-21; Def. Exh. 2, Plaintiff Dep. exh. 3). Here, Plaintiff knew how the grievance process worked and knew how to appeal a grievance. Clearly, as Plaintiff admits, he should have filed an appeal, but did not. As the record indicates, Plaintiff did not properly exhaust his administrative remedies before filing the above-captioned lawsuit and as a result Plaintiff's claims should be dismissed by this Honorable Court.

Plaintiff next contends that he "has established a cause of action against Defendants in their individual capacity and official capacity." (Plaintiff's Resp. Br. p. 4, ¶ 3). Plaintiff initially argues that Defendants Dart, Godinez and Plexico "were personally involved in Plaintiff's constitutional violation."

In order to establish a suit against Defendants in their individual capacity, Plaintiff must show that the above-named officials were either personally involved in depriving him of his constitutional rights or, at a minimum, the plaintiff must demonstrate the defendants' knowledge and consent to the actions of a subordinate(s). *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). An official can be personally liable in a § 1983 action only if he acts or fails to act with a deliberate or reckless disregard of a plaintiff's constitutional rights or if the conduct causing the constitutional deprivation occurs at his discretion or with his knowledge and consent. Smith v. Rowe, 761 F.2d 360 (7th Cir. 1985).

In the instant case, Sheriff Dart, Executive Director Godinez and Superintendent Plaxico cannot be held liable in an individual capacity. Plaintiff does not allege anywhere in his complaint that Dart, Godinez or Plaxico were personally involved in the alleged events of July 28, 2007 described in Plaintiff's Complaint. (*See generally* Def. Exh. 1, Plaintiff's Complaint). In fact Plaintiff admits that he never met or had any personnel contact with Sheriff Dart or Director Godinez. (Def. Exh. 2, Plaintiff's Dep. p. 49 lines 14-22, p. 50 lines 3-7). Additionally, Plaintiff testified that his only contact with Superintendent Plaxico came prior to the incident of July 28, 2007, that Superintendent Plaxico was moved from Division 10 "a little bit after" the alleged events of July 28, 2007 and that Plaintiff therefore never spoke or met with Superintendent Plaxico subsequent to July 28, 2007. (Def. Exh. 2, Plaintiff's Dep. p. 51 line 3-16).

Additionally, Plaintiff has failed to make a showing that Defendants knew or should have known about Plaintiff's situation. Plaintiff never wrote any letters to Defendants or corresponded with them in any way regarding the events of July 28, 2007. (Def. Exh. 2, Plaintiff's Dep. p. 49 line 23 – p. 50 line 2, p. 50 lines 8-22). Furthermore, although Plaintiff alleges that his grievance "[came] across [Defendant Plaxico's] desk" (Def. Exh. 2, Paintiff's Dep. p. 53, lines 7-8), Plaintiff offers nothing to support his allegation and subsequently there can be no presumption that Superintendent Plaxico knew of Plaintiff's situation. Here, Plaintiff alleges localized and non-systemic violations of which Defendants in their capacities as senior CCDOC officials would not be expected to know of or participate in. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1995) (dismissing counts 9, 12 and 13 of the plaintiff's complaint under 12(b)(6) against defendants Sheriff Sheahan and Director Fairman, who were senior CCDOC officials, where the allegations in said counts were localized and non-systemic violations).

4

Consequently, Defendants Dart, Godinez and Plaxico cannot be held liable in their individual capacity where none of said Defendants personally engaged in a violation of plaintiff's constitutional rights nor did any of Defendants have knowledge of and/or give consent to the actions of a subordinate(s).

Finally, Plaintiff alleges that a cause of action exists against Defendants in their official capacity where "Defendants maintained a policy, practice or custom of turning a blind eye to not only Plaintiff's constitutional rights but maybe hundreds of detainees." (Plaintiff's Resp. Br. p. 5, ¶ 4).

It is well settled that governmental employees cannot be held liable in their official capacities in a § 1983 action unless a plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official custom, policy or practice. *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1977). In order to impute knowledge to policymakers of a widespread municipal practice, the plaintiff must demonstrate a pattern of constitutional violations. *Jackson v. Marion County,* 66 F.3d 151, 152 (7th Cir. 1995). However, a single allegation of wrongdoing on the part of the defendant(s) is insufficient to establish a policy, custom or practice. *Sivard v. Pulaski County,* 17 F.3d 185, 188 (7th Cir. 1994).

In support of his allegations, Plaintiff cites "the DOJ Report attached to Plaintiff's case." (Plaintiff's Resp. Br. p. 5, ¶ 4). This Honorable Court, however, should reject the Department of Justice Report that is cited in Plaintiff's Response as an unreliable hearsay document. The report is pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997a (CRIPA). Pursuant to CRIPA, the United States Department of Justice ("DOJ") inspected the Cook County Jail in June and July 2007. The DOJ delivered its findings on July 11, 2008. The DOJ conducted the investigation in preparation for litigation. Because the CRIPA Report serves as the catalyst

for settlement discussions the document lacks trustworthiness, is unduly prejudicial and addresses subsequent remedial measures. The district court may exclude a report when "the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8)(C).

In the instant case, Plaintiff has failed to provide evidence to establish that the alleged deprivation of his federally protected rights was caused by the official customs, policies, or practices of Defendants. Plaintiff has not alleged, indentified or shown any custom or practice of Defendants that brought about his alleged injury. Rather, the allegations stem from one isolated incident where Plaintiff claims that he was pepper sprayed in the face by an ERT Officer named Rodriguez subsequent to an inmate disturbance at Division 10 on July 28, 2007. Here Plaintiff rests upon mere conclusory allegations concerning the existence of a municipal custom or policy without any factual support. The record contains no evidence of a custom or policy of the Defendants which allows excessive force to occur or which results in its occurrence nor does the record include any evidence of a custom or policy of turning a blind eye to the type of excessive force that Plaintiff alleges. Therefore, Defendants cannot be held liable in their official capacities.

WHEREFORE, Defendants respectfully request that this Honorable Court enter summary judgment in their favor and that said order be made final and appealable and any other relief that this Court deems just and appropriate.

    Respectfully submitted,

    ANITA ALVAREZ
    State's Attorney of Cook County

By:    */s/ Aaron R. Bond*_____

                                        Aaron R. Bond
                                        Assistant State's Attorney
                                        Richard J. Daley Center
                                        50 West Washington, Suite 500
                                        Chicago, IL 60602